IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CASEY MILLERBORG, | § | |
| | § | |
| Plaintiff, | § | Civil Action No.: _____ |
| | § | |
| v. | § | |
| | § | **JURY DEMANDED** |
| BELLE MEADOW APARTMENT, LLC; | § | |
| AND JULIE RIVERS CONSTRUCTION, | § | |
| LLC, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Comes now Casey Millerborg ("Plaintiff") and alleges as follows:

## I.
## INTRODUCTION

1. Plaintiff Casey Millerborg brings this action against Belle Meadow Apartment, LLC and Julie Rivers Construction, LLC ("Collectively Defendants") alleging violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C §§ 3601-3619 with regard to lack of accessibility at the Crossroads at Belton Apartments, 1124 Avenue O, Belton, Texas 76513 (the "Property").

2. Plaintiff seeks declaratory, monetary, and injunctive relief arising from violations of the accessibility requirements of the FHA. The FHA requires that certain apartment complexes built for first occupancy after March 13, 1991, be designed and constructed with accessible and usable features for people with disabilities.

3. Plaintiff is a handicapped individual that uses a wheelchair. Plaintiff brings this civil rights action against the Defendants for failing to design and/or construct apartments with accessible and usable features for people with disabilities as required by the FHA. Defendants'

apartment complex, the Crossroads at Belton Apartments is a multi-family dwelling that has numerous barriers to access. Therefore, Plaintiff seeks a declaration that Defendants' apartment complex violates federal law and an injunction requiring Defendants to comply with the requirements of the FHA.

4. The Defendants' violations of the FHA have thwarted Congressional efforts to eradicate housing discrimination against people with disabilities and rendered units and/or facilities unavailable to people with disabilities. Enforcement of the FHA against the Defendants is necessary because of the extensive nature of the civil rights violations at apartments designed, constructed, and/or owned by the Defendants.

## II.
## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § § 3613(a).

6. Plaintiffs' claims asserted herein arose in this judicial district and Defendants do substantial business in this judicial district.

7. Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## III.
## PARTIES

8. Casey Millerborg, is and, at all times relevant hereto, was a resident of the State of Texas. Plaintiff is and, at all times relevant hereto, has been legally handicapped and is therefore a member of a protected class under the FHA.

9. Defendant Belle Meadow Apartment, LLC ("Belle Meadow Apartment"), is Texas limited liability company located at 26077 Nelson Way, Suite 201, Katy, Texas 79414, and

may be served with process through its registered agent, YH Wang CPA LLC, at 3903 Trailstone Lane, Katy, Texas 77494. Upon information and belief, Belle Meadow Apartment is the owner of the Property. Upon information and belief, Belle Meadow Apartment participated in the design or construction of the Property. Upon information and belief, Belle Meadow Apartment hired various contractors to design and build the Property.

10.     Defendant Julie Rivers Construction, LLC ("Julie Rivers Construction"), is Texas limited liability company located at 26077 Nelson Way, Suite 201, Katy, Texas 79414, and may be served with process through its registered agent, Youhong Wang, at 3903 Trailstone Lane, Katy, Texas 77494. Upon information and belief, Julie Rivers Construction is the construction company and developer for the Property. Upon information and belief, Julie Rivers Construction participated in the design and construction of the Property. Upon information and belief, Julie Rivers Construction hired various contractors to build the Property.

## IV.
## STATUTORY BACKGROUND

**A.      The FHA**

11.     Congress enacted the FHA design and construction accessibility requirements as part of a comprehensive revision of the FHA to prohibit discrimination on the basis of disability. The debates and legislative history of the FHA reflect Congressional findings that a person using a wheelchair or other mobility aid is just as effectively excluded from the opportunity to live in a particular dwelling by steps or thresholds at building or unit entrances and by too narrow doorways as by a posted sign saying "No Handicapped People Allowed." In considering the 1988 disability amendments to the FHA, Congress stressed that enforcement of civil rights laws is necessary to protect people with disabilities from the "devastating" impact of housing discrimination, including the "architectural barriers" erected by developers who fail to construct dwellings and public accommodations accessible to and usable by people with disabilities. HR. REP. NO. 100-711,

at 25 (1988), reprinted in 1988 U.S.C.C.A.N. 2173, 2186.

12. In response to Congressional findings, the FHA mandated that every multi-family apartment building containing four (4) or more units and built for first occupancy after March 13, 1991 ("covered multi-family dwellings") be subject to certain design and construction requirements. Congress specifically rejected the approach of requiring only a specific number or percentage of units be fully accessible. Instead, Congress decided that all covered multifamily dwellings units must comply with the Act's design and construction requirements. All ground floor units must comply with the following requirements, as must all units served by an elevator:

    a) Public-use and common-use areas that are readily accessible to, and usable by, people with disabilities;

    b) Doors into and within covered units that are sufficiently wide to allow passage by people in wheelchairs;

    c) An accessible route into and through the dwelling;

    d) Light switches, electrical outlets, thermostats, and other environmental controls in accessible locations;

    e) Reinforcements in bathroom walls that allow for the later installation of grab bars; and

    f) Usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space.

13. Congress viewed the accessibility requirements imposed by § 3604(f)(3)(C) as "modest." Congress found that these standards do not impose "unreasonable requirements" or a "standard of total accessibility," but rather the "basic features" required by § 3604(f)(3)(C) amount to "minimal standards" that would be "easy to incorporate in housing design and construction." Furthermore, according to the House Report, the § 3604(f)(3)(C) requirements

could be met without making new multi-family housing "look unusual" and without "significant additional costs."

14.     Pursuant to Congressional authority, the United States Department of Housing and Urban Development ("HUD") promulgated final FHA design and construction regulations in January 1989, see 24 C.F.R § 100.205 (2008), and published the final Fair Housing Act Accessibility Guidelines on March 6, 1991 (hereinafter "FHAAG") which incorporates the requirements of the American National Standard for buildings and facilities providing accessibility and usability for physically handicapped people, A117-I-1986 (hereinafter "ANSI"), *see* 56 Fed.Reg. 9472 (Mar. 6, 1991), and the Fair Housing Act Design Manual in August 1996, which was revised in August 1998.

15.     Defendants failed to comply with the FHAAG and ANSI in the design and construction of the Property. They also failed to comply with any other recognized objective FHA or ADA standard for accessibility. The FHA expressly provides for private enforcement by an "aggrieved person" defined as a person who claims to have been injured by a discriminatory housing practice or believes that such person will be injured by a discriminatory housing practice. 42 U.S.C. § 3613i. (1)(A) (private right of action); 42 U.S.C. 36021. (defining aggrieved person). In fact, the Supreme Court has stated that private enforcement is the primary method of obtaining compliance with the FHA. *Trafficante v. Metropolitan Life Insurance Company*, 409 U.S. 205, 209 (1977).

16.     The FHA also provides that a private plaintiff may be awarded actual and punitive damages, as well as a "permanent or temporary injunction, temporary restraining order, or other order (including an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriate)." 42 U.S.C. 3613 (c)a.. Thus, under the FHA, the court may order injunctive relief to remediate the discriminatory barriers at the

Property.

17. Notably, the Supreme Court has recognized that discrimination violative of the FHA injures not only the members of a protected class, but also other tenants at an apartment complex who are denied the benefits of associating with those persons. *Trafficante*, 409 U.S. at 209-10. Thus, private enforcement benefits not only those against whom discrimination is directed, but the other residents. *Id.* at 211.

## V.
## FACTUAL BACKGROUND

**A.     The "Property".**

18. The "The Crossroads at Belton Apartments" is an apartment complex located at 1124 Avenue O, Belton, Texas 76513. Upon information and belief, the Property consists of a three-story complex with approximately 120 units spread over 5 buildings.

19. The Property described above was designed and constructed for first occupancy after March 13, 1991.

20. The Property contains "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604 (f)(7).

21. The covered multifamily dwellings at the Property are subject to the requirements of 42 U.S.C. § 3604 (f)(3)(C). These include all ground floor units and units served by elevators.

**B.     Plaintiff's Visit to the Property.**

22. Plaintiff recently visited the Property and looked at one or more units. Plaintiff observed and encountered accessibility barriers that would interfere with his ability to access and use the facilities. Plaintiff was offered a unit for rent. The barriers to access were a deterrent to disabled persons, such as Plaintiff, renting an apartment.

23. As a result of Defendants' non-compliance with the FHA, Plaintiffs, unlike

PLAINTIFF'S ORIGINAL COMPLAINT – Page 6

persons without disabilities, cannot independently use certain features of the Property.

24. Defendants' apartments lack various mandatory elements required by the FHA, necessary to make the apartments accessible and usable for people with disabilities.

25. As a handicapped individual, Plaintiff is concerned whether apartments are accessible and usable for people with disabilities.

26. Plaintiff has been injured by the Defendants' discriminatory practices and failure to design and/or construct apartments with accessible and usable features for people with disabilities as required by the FHA. These injuries, including frustration, physical difficulty, indignation, and emotional distress, arose from encountering discriminatory barriers at the Property. Plaintiff also incurred out-of-pocket costs to visit at the Property.

27. In addition, the barriers at the Property will interfere with residents associating with disabled persons who encounter the barriers at the Property. Disabled relatives and visitors to tenants will encounter the barriers and be prevented or deterred from accessing the Property.

28. Because the barriers at the Property are structural, it is inevitable that disabled persons visiting the Property will encounter them, thereby causing them the very injuries sought to be prevented by the FHA's design and construction requirements. The barriers at the Property present a continuing and ongoing pattern and practice of discrimination against disabled persons. Such discrimination creates a presumption that injunctive relief to remedy the discrimination is necessary. *United States v. Balistrieri*, 981 F.2d 16, 934 (7th Cir. 1992).

29. Absent injunctive relief to remedy the barriers, they will exist in perpetuity at the Property.

30. Without injunctive relief, Plaintiffs and others will continue to be unable to fully access and use the Property in violation of their rights under the FHA. Plaintiff expects to return to the Property once it has been remediated.

C.     **FHA Violations.**

31.     The Defendants' violations of 42 U.S.C. § 3604(f)(3)(C) at the Property include, but are not limited to, those outlined below. These allegations represent just some of the barriers demonstrating Defendants' failure to design and construct covered units and the public and common use areas in accord with 42 U.S.C. §3604(f)(3)(C) and are not intended as an exhaustive inventory of such violations. Plaintiff anticipates that an inspection of the Property will identify additional violations.

32.     Defendants have failed to design and/or construct public and common-use areas that are readily accessible to and usable by people with disabilities in compliance with 42 U.S.C. § 3604(f)(3)(C)(i) and 24 C.F.R. §100.205(c)(1) (2008). For example:

    g)    there was no accessible route provided to the trash dumpsters;

    h)    there was no accessible route provided to the dog park.;

    i)    the centralized mailbox center was not accessible;

    j)    gates to the pool area had latches installed at heights above 48" limiting access to the pool area;

    k)    some gates lacked the proper clear space for maneuvering on the pull side of the gate as well as the latch side of the gates;

    l)    some accessible routes contained excessive slopes and cross-slopes making it difficult for individuals using wheelchairs or mobility aids to safely move about;

    m)    there were no wheel-stops installed in any parking areas resulting in numerous vehicles blocking accessible routes throughout the complex;

    n)    door locks were installed in common areas accessible by tenants and their guests that require tight grasping, pinching or twisting of the wrist; and

       o)     the routes leading to various common areas, residential buildings, and unit entrances have changes in level.

33. Defendants have failed to design and/or construct usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space in compliance with 42 U.S.C. § 3604(f)(3)(C)(iii)(IV) and 24 C.F.R. § l00.205(c)(3)(iv) (2008). For example:

       p)     some bathrooms are inaccessible because the toilet centerlines are less than 18 inches to the side wall on the side opposite the direction of approach; and

       q)     kitchens are inaccessible because some lack a minimum clearance of 40" between all opposing base cabinets, countertops, appliances and walls.

34. Defendants have failed to design and/or construct light switches, electrical outlets, thermostats, and other environmental controls in accessible locations in compliance with 42 U.S.C. § 3604f(3)(C)(iii)(II) and 24 C.F.R. § 100.205(c)(3)(ii) (2008). For example:

       a)     thermostats and other environmental controls are inaccessible because they are beyond the reach range of people in wheelchairs; and

       b)     thermostats are installed at heights above 48".

35. Defendants have failed to design and/or construct doors to allow passage into and within all premises within such dwellings that are sufficiently wide to allow passage by handicapped persons in wheelchairs in compliance with 42 U.S.C. § 3604(f)(3)(C)(ii) and 24 C.F.R. §100.205(c)(2) (2008). For example:

       a)     Some units contain interior doors which are inaccessible because they do not provide for a nominal clearance of 32".

36. Further, by failing to provide the accessible and usable features required by

42 U.S.C. § 3604(f)(3)(C) at the Property for people with physical disabilities, including but not limited to those outlined above, the Defendants have violated 42 U.S.C. § 3604(f)(1) and/or have discriminated against them in the terms, conditions, or privileges of the rental of dwellings in violation of 42 U.S.C. § 3604(f)(2).

## VI.
## CAUSE OF ACTION
### For violation of the FHA, 42 U.S.C. § 3601, et seq.

37. The allegations in the preceding paragraphs are incorporated by reference.

38. The Property contains residential apartment units that are "dwelling[s]" within the meaning of 42 U.S.C. § 3602(b).

39. Plaintiff has standing to sue as an "aggrieved person" as defined in 42 U.S.C. § 3602(i) which includes any person who a. claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur.

40. At the Property, all ground-floor units and upper floor units served by elevators are "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604(f)(7)(A), were built for first occupancy after March 13, 1991, and are subject to the design and construction requirements set forth in 42 U.S.C. § 3604(f)(3)(C) of the FHA. The public- and common-use areas of the Property are also subject to the design and construction requirements of 42 USC. § 3604(f)(3)(C) and 42 U.S.C. § 12101, *et seq*. ("ADA").

41. Through the actions and inactions described above, the Defendants have:

    a) discriminated in the rental of, or otherwise made unavailable or denied, dwellings to persons because of their disabilities in violation of 42 U.S.C. § 3604(f)(1);

    b) discriminated against persons because of their disabilities in the terms,

    conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with the rental of a dwelling, in violation of 42 U.S.C. § 3604(f)(2);

  c) failed to design and construct dwellings in compliance with the requirements mandated by 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations, 24 C.F.R. Part 100.205 (2008); and

  d) discriminated against disabled persons by failing to maintain public and common areas in compliance with the ADA.

42. The Defendants' discriminatory conduct has damaged Plaintiffs.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

a. A Declaratory Judgment that at the commencement of this action and the completion of construction of the Property the Defendants were in violation of the specific requirements of the FHA, described above, and the relevant implementing regulations of the FHA and ADA;

b. An injunction, pursuant to 42 U.S.C. § 3613(c)(l)(a), enjoining the Defendants, their officers, directors, employees, agents, successors, assigns and all other persons in active concert or participation with any of them, both temporarily during the pendency of this action, and permanently from:

  1. with regard to the Property, failing or refusing to bring the covered dwelling units and the public use and common use areas into compliance with the

        requirements of 42 U.S.C. § 3604(f)(3)(C), the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA") and the applicable regulations; to comply with such procedures for inspection and certification of the retrofits performed as may be ordered by this Court; and to perform or allow such other acts as may be necessary to effectuate any judgment of this Court against them;

    2.    failing or refusing to design and construct any covered multifamily dwellings in the future in compliance with 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations; and

    3.    failing or refusing to take such steps as will eliminate, to the fullest extent practicable, the lingering effects of the Defendants' unlawful housing practices.

    c.    An injunction enjoining the Defendants from failing or refusing to permit the survey of any of their covered properties that were designed and/or built by the Defendants and any retrofits ordered by the Court to be made at such property, to also comply with such procedures for inspection and certification of the retrofits performed as may be ordered by this Court, and to perform or allow such other acts as may be necessary to effectuate any judgment against the Defendants;

    d.    Award such damages as would fully compensate Plaintiffs for their injuries incurred as a result of the Defendants' discriminatory housing practices and conduct, pursuant to 42 U.S.C. § 3613(c)(1)(a);

    e.    Award such punitive damages against the Defendants as is proper under law, pursuant to 42 U.S.C. § 3613(c)(1)(a);

  f.  Payment of costs of suit;

  g.  Payment of reasonable attorneys' fees and expenses, pursuant to 42 U.S.C. § 3613(c)(2), 42 U.S.C. §12205; and other principles of law and equity; and

  h.  The provision of whatever other relief the Court deems just, equitable and appropriate.

## VIII.
## JURY DEMAND

Plaintiffs demand a trial by jury of all issues so triable.

Dated: February 27, 2025.

        Respectfully Submitted,

        CALHOUN & ASSOCIATES

        */s/ Eric G. Calhoun*
        Eric G. Calhoun
        Texas Bar No. 03638800
        1595 N. Central Expressway
        Richardson, Texas 75080
        Telephone: (214) 766-8100
        Facsimile: (214) 308-1947
        eric@ecalhounlaw.com
        egcla@ecalhounlaw.com (Assistant)

        ATTORNEY FOR PLAINTIFF